IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Youngblood, ) | C/A No. 0:15-4779-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dr. Barry Weissglass, and Dr. T. Jacobs, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    The plaintiff, Andre Youngblood, a self-represented federal detainee during the time period relevant to the Complaint, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Youngblood of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 30.) Youngblood did not file any responsive memorandum addressing the defendants' motion. Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

    Youngblood filed this action several months after being transferred from the Metropolitan Detention Center in Brooklyn, New York to the local detention center in Charleston, South Carolina. Youngblood alleges that he was supposed to have wrist surgery, but that his surgery did not take place until two months after his arrival at the Charleston County Detention Center. He alleges that the defendants' diagnoses were responsible for the two-month delay, that they did not provide him

with pain management, and that they denied him the opportunity to see an outside neuromuscular physician.  (See generally Compl., ECF No. 1.)

**DISCUSSION**

A.   **Motion to Dismiss Standard**[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints.  Id.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious

---

[1] The defendants state in their motion that they are seeking dismissal of the Complaint pursuant to Rule 12(b)(1). (ECF No. 26.)  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  Upon review of Youngblood's Complaint, the court finds that it has jurisdiction over this matter; therefore, the court will proceed to address the defendants' argument that they are entitled to dismissal pursuant to Rule 12(b)(6).



case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendants' Motion**

The defendants argue that Youngblood's Complaint should be dismissed because his factual allegations do not meet the standard needed to plausibly allege the defendants were deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983.[2] (Defs.' Mot. to Dismiss, ECF No. 26.) Specifically, the defendants point out that Youngblood acknowledges in his Complaint that he received medical treatment; however, the defendants argue, Youngblood's allegations "speak[] only to discretionary medical decisions made by medical professionals that are contrary to [Youngblood's] desires." (Defs.' Mem. Supp. Mot. to Dismiss, ECF No. 26-1 at 6.) As the defendants point out, Youngblood's factual allegations at best constitute a disagreement between him and his healthcare providers over the type, amount, and scope of his treatment, and an inmate's

---

[2] Although the defendants also argue correctly that Youngblood has failed to comply with the pre-suit statutory requirements for a state law claim of medical malpractice, the court notes that Youngblood's claim under 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need in violation of the Fourteenth Amendment is the only claim construed by the court following initial screening as having been raised in this action. (ECF No. 20 at 1.)



difference of opinion over his medical treatment fails to rise to the level of a constitutional violation. (Id.) The defendants further argue that any alleged two-month delay in Youngblood's wrist surgery does not satisfy the deliberate indifference standard because Youngblood has not alleged any facts demonstrating unlawful intent on the part of either defendant. (Id. at 7-8.) The defendants further correctly argue that, with regard to Youngblood's allegation that the defendants failed to allow him to see a neuromuscular physician, an inmate does not have a constitutional right to be treated by the doctor of his choice. (Id. at 8-9.)

Youngblood did not provide any response in opposition to the defendants' well-supported arguments. The only correspondence from Youngblood received by the court subsequent to the date of the defendants' motion was a letter containing a list of motions Youngblood wished to file. (ECF No. 39.) However, Youngblood provided no details of the specific relief sought or the grounds supporting the motions. Notably, the list of motions did not include a motion to amend the Complaint. The letter is not responsive to the defendants' motion, which the court, upon review, concludes is well grounded under the law.

## RECOMMENDATION

Accordingly, for the foregoing reasons, the court recommends that the defendants' motion be granted and this case be dismissed without prejudice. (ECF No. 26.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 18, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).